## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JARED CRIMANDO and<br>JANICE CRIMANDO,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUOSO SOURCING GROUP, LLC,<br><br>Defendant. | Civil No. 11-1230 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Patrick L. Hayes and William C. Michelson, **MARSO & MICHELSON, P.A.**, 3101 Irving Avenue South, Minneapolis, MN 55408, for plaintiffs.

Michael S. Poncin and James R. Bedell, **MOSS & BARNETT, P.A.**, 90 South 7th Street, Suite 4800, Minneapolis, MN 55402, for defendant.

Plaintiffs Jared Crimando ("Jared") and Janice Crimando ("Janice") brought this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and invasion of privacy after defendant Virtuoso Sourcing Group, LLC ("Virtuoso") attempted to collect a consumer debt. Virtuoso now moves to dismiss Jared's claims for failure to state a claim upon which relief can be granted. Because Jared fails to allege that Virtuoso misrepresented the consumer debt to him, the complaint fails to properly state the claim. The Court will grant Virtuoso's motion to dismiss, but permit plaintiffs to file an amended complaint.

## BACKGROUND

Janice allegedly incurred a debt to AT&T Wireless, which was transferred to Virtuoso, a debt collector, for purposes of collection. (Compl. ¶¶ 6-7, 9, May 11, 2011, Docket No. 1.) Virtuoso began communicating with Janice around January 11, 2011 in an attempt to collect the debt. (*Id.* ¶ 10.) On January 26, 2011, Janice's son Jared contacted Virtuoso in order to pay the alleged debt. (*Id.* ¶ 11.) Jared and Virtuoso agreed to settle the debt for his payment of $209.58, and the payment was deducted from Jared's bank account on January 28. (*Id.* ¶¶ 12-13.) After January 28, Janice received "repeated and harassing telephone calls from Virtuoso in an attempt to collect the debt," even though Janice told Virtuoso that the debt had been settled. (*Id.* ¶ 14-15.)

Janice and Jared brought this action against Virtuoso on May 5, 2011, seeking relief for Virtuoso's alleged violations of the FDCPA as to both Janice and Jared and for Virtuoso's alleged invasion of Janice's privacy. Virtuoso now moves to dismiss Jared's FDCPA claims.

## DISCUSSION

### I. STANDARD OF REVIEW

Virtuoso moves to dismiss Jared's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Although a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

citations omitted). The complaint must plead facts that render a defendant's liability plausible – not merely possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In reviewing a complaint on a motion to dismiss the Court takes as true all allegations in the complaint, which it construes in the light most favorable to the nonmoving party. *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010). It must not, however, give effect to conclusory allegations of law. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).

## II.   JARED'S FDCPA CLAIMS

The issue is whether the Complaint sufficiently alleged that Virtuoso violated the FDCPA with respect to Jared.[1] The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, the FDCPA prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt," *id.* § 1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," *id.* § 1692e(10). The FDCPA also prevents the use of "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. The FDCPA imposes civil liability upon "any debt collector who fails to comply with any provision of this subchapter with respect to any person . . . ." 15 U.S.C. § 1692k(a).

---

[1] Virtuoso does not dispute that Jared sufficiently alleged that Virtuoso is a debt collector, nor that Jared is a "consumer" pursuant to § 1692a(3) of the FDCPA for purposes of this motion.

Jared argues that the claims asserted under §§ 1692d and 1692d(5) were specifically limited to Janice, and thus not implicated by Virtuoso's motion.[2] Although not clear in the "Causes of Action" section of the Complaint, an examination of paragraph 16 reveals that Jared is correct.  (Compl. ¶ 16.)

The claims pertaining to Jared are alleged under provisions of 1692e and 1692f:

> 17.   Virtuoso violated 15 U.S.C. §§ 1692e and 1692e(2)(A) because Virtuoso misrepresented the character, amount and legal status of the debt.
>
> 18.   Virtuoso violated 15 U.S.C. § 1692e(10) because Virtuoso employed false and deceptive means in an attempt to collect a debt.
>
> 19.   Virtuoso violated 15 U.S.C. §§ [sic] 1692f because Virtuoso employed unfair and unconscionable means in an attempt to collect a debt.

(*Id.* ¶¶ 17-19.)  Virtuoso characterizes these allegations as "formulaic assertions and threadbare recitals" insufficient to meet the *Twombly* standard.  (Mem. in Supp. of Mot. to Dismiss at 3, June 6, 2011, Docket No. 8.)  The Court agrees.  The Complaint does not identify which of Virtuoso's actions relate to each of these claims, leaving the reader to guess how Jared's interactions with Virtuoso (the conversation allegedly settling the debt and the payment of $209.58) fit into the alleged FDCPA violations.

Jared attempts to clarify the connection in his brief.  He argues that Virtuoso violated §§ 1692e and 1692e(2)(A) when it misrepresented to Jared that his payment would settle the debt because Virtuoso continued to seek satisfaction of the debt after his

---

[2] Those provisions prohibit debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," *id.* § 1692d(5).

payment. (Mem. in Opp'n to Def.'s Mot. to Dismiss at 6, June 27, 2011, Docket No. 11.) Jared also states that this misrepresentation amounted to the use of false or deceptive means to collect a debt, in violation of § 1692e(10). (*Id.*) Finally, Jared asserts that, in making the misrepresentation, Virtuoso employed unfair and unconscionable means, a violation of § 1692f. (*Id.*)

The allegation that Virtuoso's statements to Jared were misrepresentations does not appear in the Complaint. The Complaint simply alleges that Virtuoso agreed to settle the debt for Jared's payment. (Compl. ¶¶ 12, 13, 15.) The Court finds that the Complaint offers nothing more than conclusory allegations of law as to Jared's claims and he has not fulfilled his obligation to provide the grounds of his entitlement to relief. For these reasons, Virtuoso's motion to dismiss is granted. Because Jared has presented arguments in his brief that, if properly alleged in the Complaint, may give rise to a claim upon which relief may be granted, the Court grants plaintiffs thirty days to amend the Complaint to address the deficiencies in pleading.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Virtuoso's Motion to Dismiss Claims of Jared Crimando [Docket No. 6] is **GRANTED.**

It is **FURTHER HEREBY ORDERED** that plaintiffs shall have thirty (30) days from the date of this Order to file an amended complaint.

DATED: November 2, 2011                    ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                                United States District Judge